**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

KELLY LEE                                                                                       PLAINTIFF

V.                                             4:14CV00054-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

     Plaintiff, Kelly Lee, appeals the final decision of the Commissioner of the Social Security

Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB")

under Title II of the Social Security Act (the "Act") and for supplemental security income ("SSI")

benefits under Title XVI of the Act.  For reasons set out below, the decision of the Commissioner

is AFFIRMED.

**I.        BACKGROUND**

     On December 6, 2010, Ms. Lee protectively filed for DIB and SSI benefits due to

fibromyalgia, arthritis in spine and right shoulder, Hepatitis C, bursitis in left hip, tendinitis in left

knee and right elbow, and scoliosis.  (Tr. 158)  Ms. Lee's claims were denied initially and upon

reconsideration.  At Ms. Lee's request, an Administrative Law Judge ("ALJ") held a hearing on

November 6, 2012, where Ms. Lee appeared with her lawyer.  At the hearing, the ALJ heard

testimony from Ms. Lee and a vocational expert ("VE").  (Tr. 30-65)

     The ALJ issued a decision on December 12, 2012, finding that Ms. Lee was not disabled

under the Act.  (Tr. 13-24)  The Appeals Council denied Mr. Lee's request for review, making the

ALJ's decision the Commissioner's final decision.  (Tr. 1-4)

     Ms. Lee, who was forty-five years old at the time of the hearing, has a high school education

and past relevant work as a terrain forklift operator.  (Tr. 61, 153)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Lee had not engaged in substantial gainful activity since October 27, 2010 and she had the following severe impairments: asthma (mild), Hepatitis C (stable), mild scoliosis, tendinitis, and fibromyalgia.  (Tr. 15)  However, the ALJ found that Ms. Lee did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 16)

According to the ALJ, Ms. Lee has the residual functional capacity ("RFC") to perform light, unskilled work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involves few variables, requires little independent judgment, and the supervision is simple, direct, and concrete.  Additionally, she cannot crouch or be around temperature extremes, humidity/wetness, fumes, odors, dusts, gases, poor ventilation, unprotected heights, or moving machinery.  (Tr. 16)  The VE testified that jobs available with these limitations were office helper and cashier II.  (Tr. 63)  Accordingly, the ALJ determined that Ms. Lee could perform a significant number of jobs existing in the national economy, and found that she was not disabled.

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

III.    ANALYSIS

A.    Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."[5]

B.    Ms. Lee's Argument for Reversal

Ms. Lee asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence.  Specifically, Ms. Lee contends that the Commissioner (1) erred by not including in the record evidence submitted to the Appeals Council; and (2) erred in the RFC finding. (Doc. No. 12)

1.    Evidence Submitted to the Appeals Council

Ms. Lee asserts this case should be remanded because the additional evidence she submitted after the ALJ's finding, which included an MRI and prescription from her doctor, "is nowhere to be found within the administrative transcript."  (*Id.*)  This issue was resolved when a supplemental transcript, which included the missing documents, was filed on August 18, 2014.

Plaintiff also argues that the Commissioner erred by not remanding the decision based on this

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

"new" MRI and prescription evidence.  The Appeals Council considered the new evidence but concluded it was outside of the time frame of the ALJ's decision.  The Council noted that the relevant time period closed on December 12, 2012 - the date of the ALJ's decision - and the new information was from February 2013.  (Tr. 2.)  To be considered "new," the evidence must be "relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir.1997).  Although fairly close in time, the Court cannot conclude this new evidence relates to Plaintiff's condition on or before December 12, 2012.  And, as the Commissioner points out, Plaintiff did not explain to the Appeals Council how this evidence should relate to the period in question.  So in considering the totality of the circumstances, the Court concludes it would be unfair to reverse the ALJ's decision based on these new medical records obtained after his decision and without some evidence or explanation of how the records relate to the period in question.

> 2.    RFC Finding

First, Ms. Lee contends that the ALJ "mischaracterized" the August 22, 2012, MRI.  The ALJ noted that the MRI "showed several minimal disc protrusion without nerve root involvement and some degenerative facet disease of the lumbar spine."  (Tr. 19)  Ms. Lee points out that the MRI included other findings, but importantly, none of those findings contradict the ALJ's summary, so there is no error.

Second, Ms. Lee argues that the ALJ "omitted any discussion of [her] prescribed medications" and failed to consider the side effects of the medications.  Contrary to Ms. Lee's argument, the ALJ's specifically mentioned that she has "tried multiple medications for pain, and currently uses a pain patch . . . takes Trazadone . . . hot baths and BC Powder."  (Tr. 17)  He also noted that she has been "treated with various conservative measures, including various pain

medications and muscle relaxers . . . pain injections for low back pain . . . [and] medication for sleep and anxiety . . . ." (Tr. 19)  Additionally, he mentioned the alleged side effects of her medications and considered them in the RFC when he limited Ms. Lee to unskilled work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involves few variables, requires little independent judgment, and the supervision is simple, direct, and concrete.  He also required that she not be around unprotected heights or moving machinery. (Tr. 16)

While there may be some evidence that Mr. Lee continues to have limitations related to her impairments, the ALJ's finding that she could perform light work is supported by the record.

The Court is not unsympathetic to Plaintiff's claims.  She clearly suffers from some degree of pain and limitation.  But it is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.[6]

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.[7]  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the Commissioner's decision and dismisses Plaintiff's Complaint with prejudice.

---

[6] *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

[7] *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).

IT IS SO ORDERED this 23rd day of September, 2014.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE